Margaret Mary J. Mangan, J.
This is a .special proceeding to compel the Public Employment Relations Board (PERB) to place the International Union For Advancement, a duly accredited labor union, on the ballot as a candidate for election as the employee bargaining agent for institutional service employees.
It appears the petitioner union has approximately 300 members, all of whom are employees of the Department of Mental Hygiene and classified within the Institutional Services Unit of classification. The Institutional Services Unit is one of five units found by PERB to be appropriate bargaining units for State employees and said unit covers 43,071 State employees.
Eager P. Smith, as President of the International Union For Advancement, advised PERB by letter dated March 6, 1969 of the union’s interest in participating in the election of a bargain *547 ing agent for institutional services employees and requested information as to the procedural requirements for getting on the ballot. Concededly, the board never responded in writing to that letter, but the board contends that its Director of Research, Dr. Thomas E. Joyner, telephoned Smith upon receipt of the letter of March 6,1969 and advised him of the procedural requirements for inclusion on the ballot. The petitioner Smith denies any such telephone conversation.
Whether or not the procedural requirements were ever directly brought to the petitioner’s attention by PERB, the fact remains that the rules of procedure of PERB were duly promulgated and published in the Official Compilation of Codes, Rules and Regulations of the State of New York and could have been independently ascertained by the petitioner. The rules of procedure of PERB provide, in pertinent part, as follows: ‘ ‘ An employee organization * * * shall be entitled to be placed on the ballot upon a showing of interest of at least 10% of the employees in the unit found to be appropriate.” (4 NYCRR 201.6 [i] [1].)
The membership of the petitioner union comprises less than 1% of the employees in the Institutional Services Unit, and it has no demonstrated support from other employees. Under the circumstances, the petitioner union has not made the required showing of interest to qualify for inclusion on the ballot. Accordingly, the petition is dismissed.